ARANSAS COUNTY ET AL. V. COLEMAN-FULTON PASTURE COMPANY ET AL.

No. 2822.   Decided January 31, 1917.

1.—Counties—Roads—Bridges—Proceeds of Bonds.

Where, in accordance with article 3, section 52 of the Constitution as amended in 1903, bonds have been voted, issued and sold for the construction of a county road, the funds derived could properly be applied to the construction, as a part of such road, of necessary bridges thereon. Aransas County v. Coleman-Fulton Past. Co., ante p. 216, followed.   (Pp. 223, 224.)

2.—Road—Paving—Shell.

Construction with shell comes within the. meaning of "paved" roads as used in article 3, section 52, of the Constitution.   (P. 224.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Aransas County.

Action by the Coleman-Fulton Pasture Company and others against Aransas County and others, for injunction,

The District Court dissolved the temporary injunction, and on appeal by the plaintiffs this was reversed and the case remanded with directions to issue the writ.   Appellees then obtained writ of error.

*E. A. Stevens, Dougherty & Dougherty* and *D. B. Tarlton, Jr.,* for plaintiffs in error.

*Proctor, Vandenbirge, Crain & Mitchell* and *Templeton, Brooks, Napier & Ogden,* for defendants in error.

MR. CHIEF JUSTICE PHILLIPS delivered. the opinion of the court.

This is substantially a companion case to No. 2821, Aransas County et al. v. Coleman-Fulton Pasture Company et al., this day decided.

Under section 52 of article 3 of the Constitution the qualified taxpayers of Aransas County duly voted a bond issue in the sum of $25,000 for the purpose of building a roadway about seven miles in extent from Rockport, the county seat, to the Refugio County line.   It was proposed to pave the roadway with shell.   In order to make a completed roadway it was necessary at four different places in the road to build bridges across shallow stretches of water, in depth about five feet.   One of the

bridges was to be 2940 feet long, one 52½ feet long, one 70 feet long, and the fourth 2100 feet long. One-half the cost of the last named bridge spanning Aransas River was to be borne by Refugio County. The action was an injunction proceeding to restrain the use of the proceeds of the bonds for the paving of the road with shell and for the construction of these bridges as parts of the roadway. A temporary injunction previously granted was dissolved on hearing, and from this judgment an appeal was taken to the honorable Court of Civil Appeals for the Fourth District, where the judgment was reversed and the cause remanded with instructions to the trial court to issue a temporary injunction restraining the use of the funds of the bond issue in the construction of the bridges, but not for the paving of the road with shell.

It clearly appears that the proposed bridges across these stretches of shallow water were essential parts of the road and necessary to make it a completed road. The case is, therefore, ruled by the decision in cause No. 2821, Aransas County et al. v. Coleman-Fulton Pasture Company et al.

There is no doubt in our minds as to roads paved with shell being "paved" roads, within the meaning of section 52, article 3, as amended, and we approve the ruling of the Court of Civil Appeals upon this feature of the case. As to its ruling in respect to the use of the proceeds of the bond issue for the construction of the bridges named, its judgment is reversed. The judgment of the District Court, dissolving the original temporary injunction, is affirmed.

*Reversed in part and judgment of District Court affirmed.*