**MARONEY et al. v. FEAGIN et al.**
(No. 1130.)

(Court of Civil Appeals of Texas. Beaumont.
June 12, 1924. Rehearing Denied
June 25, 1924.)

1. Highways ⬤➾130½, New, vol. 12A Key-No.
Series—County held not necessary party in
suit by citizens of road district to compel
commissioners' court to perform ministerial
act.

In suit under Complete Tex. St. 1920, or
Vernon's Ann. Civ. St. Supp. 1922, art. 637a,
by citizens of road district to compel commis-
sioners' court to compensate district for bonds
voted by it and made void by a county election,
county *held* not a necessary party; act of com-
pensating district being purely ministerial one.

2. Highways ⬤➾130½, New, vol. 12A Key-No.
Series—Filing of statement of demand prior
to suit by citizens of road district to enforce
ministerial act not required.

A suit under Complete Tex. St. 1920, or
Vernon's Ann. Civ. St. Supp. 1922, art. 637a,
by citizens of road district against commis-
sioners' court to compel defendants to com-
pensate district for bonds voted by latter and
made void by county election, being a suit, not
against the county, but to enforce a ministerial
act, it was not necessary that plaintiffs file
with commissioners' court a statement of their
demand prior to instituting suit.

3. Highways ⬤➾90—Road district held body
corporate and as such capable of suing and of
being sued.

Road district No. 7 in Angelina county *held*
a body corporate, and as such capable of su-
ing and of being sued.

4. Highways ⬤➾130½, New, vol. 12A Key-No.
Series—Citizens of road district held entitled
to sue commissioners' court in name of and
for benefit of district.

Where the proper officers of a road district
refused to institute a suit under Complete
Tex. St. 1920, or Vernon's Ann. Civ. St. Supp.
1922, art. 637a, against county commissioners'
court to obtain relief to which district was
entitled under such article, plaintiffs, as citi-
zens of such district, *held* entitled to prosecute
the suit in the name of and for the benefit of
such district.

5. Counties ⬤➾47—When abuse of discretion
by commissioners' court or its fraudulent ex-
ercise thereof becomes an issue, stated.

The abuse of discretion by the commission-
ers' court or its fraudulent exercise thereof
becomes an issue only in those instances where
something must be done or left undone as its
judgment dictates.

6. Highways ⬤➾130½, New, vol. 12A Key-No.
Series—Duty of commissioners' court to com-
pensate road district for bonds invalidated
by county election held ministerial act, so
that it was not necessary to allege abuse of
discretion or fraud.

Where a road district is entitled to com-
pensation under Complete Tex. St. 1920, or
Vernon's Ann. Civ. St. Supp. 1922, art. 637a,
from a county commissioners' court to com-
pensate district for bonds voted by it and
made void by a county election, duty of com-
missioners' court is ministerial one, so that
in suit against commissioners' court to enforce
such payment it was not necessary for plain-
tiffs to allege an abuse of defendant's discretion
or that it acted fraudulently, and the trial
court in directing the payment of such com-
pensation did not interfere with defendant's
discretion.

7. Highways ⬤➾90—Commissioners' court held
to have compensated road district for bonds
voted by it and made void by county elec-
tion.

Where the commissioners' court under
Complete Tex. St. 1920, or Vernon's Ann. Civ.
St. Supp. 1922, art. 637a, actually expended in
improving a road in a road district the full
amount contemplated in election held by dis-
trict to vote bonds made void by subsequent
county election, the latter *held* fully compen-
sated within article 637a, notwithstanding the
amount so expended was paid for in county
warrants instead of from proceeds of county
bond election, and all of the road was not im-
proved; article 637a not contemplating par-
tial credit against money actually expended.

Appeal from District Court, Angelina
County; L. D. Guinn, Judge.

Suit by R. M. Feagin and others against
J. T. Maroney and four others, as County
Judge and as Commissioners of the Commis-
sioners' Court of Angelina ·County. Judg-
ment for plaintiffs, and defendants appeal.
Reversed and rendered for defendants.

Fairchild & Redditt, of Lufkin, for appel-
lants.

M. M. Feagin, of Livingston, for appellees.

WALKER, J. Certain citizens of road
district No. 7 in Angelina county, Tex., su-
ing in the name of and for the benefit of the
district, instituted this suit against the county
judge and the four commissioners constitut-
ing the commissioners' court of Angelina
county, praying for an injunction to restrain
them from expending in other portions of the
county all the proceeds of the county-wide
bond issue in the sum of $1,142,500, and for
mandamus to force the court to expend $20,-
000 of such bond issue on a certain road in
the district. On a trial to the court without
a jury, injunction was granted plaintiffs
against the defendants, restraining them
from expending as much as $10,000 of the
bond issue, and requiring the defendants to
expend this sum in improving that portion of
the Burke and Lufkin public road which lies
within the boundaries of the district. From
this order defendants have prosecuted their
appeal.

Plaintiffs alleged that in 1921 road district
No. 7 voted bonds to the amount of $20,000
for the purpose of improving the Burke and

⬤➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Lufkin road; that the election was duly held and its results duly declared; that before the bonds were issued and sold the county as a whole voted bonds in the sum of $1,142,500, thereby rendering their unissued and unsold bonds void. The purpose of this suit was to force the commissioners' court to compensate the district under the provisions of article 637a, Texas Complete Statutes, which is as follows:

"Art. 637a. *County May Issue Bonds to Compensate Districts for Bonds issued; Election; Tax.*—Whenever in any political subdivision or defined districts in any county in this state bonds have been issued under the authority of chapter 2, title 18, Revised Civil Statutes of Texas of 1911, or any amendments thereto, or under authority of any special county road law, and thereafter bonds are voted by the entire county for the purposes hereinafter authorized, such political subdivisions or defined districts first issuing bonds may be fully and fairly compensated by the county in an amount equal in value to the amount of district bonds issued by such districts, and which shall be done in the form and manner hereinafter prescribed: * * * In the event such district bonds have not been issued and sold, then so much of the bonds so issued by the county as may be necessary to fairly and fully compensate such road district or districts shall be set aside by the commissioners' court for that purpose; provided, that in the event such district bonds have not been issued and sold, then so much of the bonds so issued by the county as may be necessary to fairly and *fully compensate such road district or dis*tricts shall be set aside for that purpose, and the same shall be sold and the proceeds applied to the construction, maintenance and operation of the roads within and for such road district or districts as contemplated by the election or elections theretofore held within and for such road district or districts, and such unsold district bonds shall thereupon become totally void, and it shall be the duty of the commissioners' court of such county to immediately cancel and destroy such unsold district bonds."

The defendants answered by a plea in abatement to the effect that the county was a necessary party, certain exceptions, a general demurrer, and a special plea that the commissioners' court had fully compensated the district within the meaning and purpose of article 637a.

It is conceded by both parties that road district No. 7 voted bonds in the sum of $20,000 for the purpose of improving the Burke and Lufkin public road within the boundaries of the district, and that the results of the election were duly declared; that the county as a whole voted bonds in the sum of $1,142,500 for the purpose of improving the county roads and for compensating the road districts within the county. It is also conceded that the bonds voted by road district No. 7 were not issued nor sold because the results of that election were made void by reason of the county election. It is also conceded that after the county bonds were voted, but before they were issued and sold, the commissioners' court, by an order duly entered, directed that the Burke and Lufkin public road within the boundaries of road district No. 7 be improved to the extent of $20,000 on the specifications set out in the order, and that the costs of the improvement be paid for from the county-wide bond issue. It is further conceded that the work as contemplated by the order was done on the Burke and Lufkin road within the boundaries of road district No. 7; but, as this work was done before the bonds were sold, we find as a fact that the work was paid for by road warrants, and that no amount of the county-wide bond money went into the improvement of that road. In developing a road system for Angelina county to be improved by the county-wide bond issue, the commissioners' court did not adopt the Burke and Lufkin road which lies on the west side of the Houston East & West Texas Railroad as a part of one of its highways, but under the advice of the state and federal engineers, and in order to secure state and federal aid, the main highway leading from Lufkin towards Houston was located on the east side of the Houston East & West Texas Railroad, on the extreme eastern side of the district. Possibly as much as $25,000 of the county-wide bond money was expended in improving that section of the main highway which lies within the boundaries of road district No. 7. In improving the Burke and Lufkin road south from the city of Lufkin across road district No. 7, the commissioners' court did not connect this old road with the new highway. The $10,000 set apart by the order of the court was to be used under the judgment in this case in connecting the improved portion of the Burke and Lufkin road with the new highway. It further appears that road district No. 7 was very small in extent, and that most of its citizens live on the western side of the railroad, and that the new highway on the eastern side of the railroad serves but few of its citizens. It further appears that the Burke and Lufkin road as improved by the commissioners' court was the only road within the boundaries of road district No. 7 when the $20,000 bond issue was voted, and that at the time the $20,000 bond issue was voted no one contemplated that a road would be located across the district on the eastern side of the railroad where the commissioners' court located the main highway.

### Opinion.

[1] The court did not err in refusing to sustain appellants' plea in abatement. Angelina county was not a necessary party to this suit. Article 637a, as quoted supra, specially appropriated from the proceeds of the sale of the county-wide bond issue of $1,142,500 a sufficient sum to compensate road district No. 7 for the bonds voted by it

and made void by the county election. The act of compensating district No. 7 did not rest in the exercise of any discretion by the commissioners' court, but was purely a ministerial act. The county was not a necessary party to an action brought to require the commissioners' court to perform this ministerial act. Callaghan v. Salliway, 5 Tex. Civ. App. 239, 23 S. W. 837.

[2] As this was not a suit against the county, but in its nature only an effort to force the commissioners' court to perform a ministerial act, it was not necessary that plaintiffs file with the commissioners' court a statement of their demand prior to the institution of the suit.

[3, 4] Road district No. 7 is a body corporate and as such is capable of suing and being sued. But in this case, on the allegations made by appellees in their supplemental petition that the proper officers of the district had refused to act and to institute the necessary litigation to secure for road district No. 7 the relief to which it was entitled, they as citizens of the district had the right to prosecute this suit in the name of and for the benefit of the district.

[5, 6] It was not necessary to allege nor prove that the commissioners' court had abused its discretion or acted fraudulently in failing to compensate the district. The abuse of discretion by the court or its fraudulent exercise thereof becomes an issue only in those instances where something must be done or left undone, as its judgment dictates. As we have already said, on the facts of this case, no discretion was vested in the commissioners' court. It rested under the ministerial duty of compensating road district No. 7, and on the allegation of plaintiffs' petition this duty had not been performed. Plaintiffs' demand was not answered by an allegation that in the exercise of an honest discretion the district had not been compensated.

On the showing in this case, it was the duty of the commissioners' court to compensate road district No. 7 by improving the Burke and Lufkin road, as this was the road "contemplated by the election, theretofore held within and for such road district." Consequently, the district court in directing that the commissioners' court improve the Burke and Lufkin road was requiring only the performance of a ministerial act, the duty specifically enjoined upon it by statute, and was not interfering with the commissioners' court in the exercise of a discretion vested in it by law.

[7] What we have said now brings us to the contention of appellants that in improving the Burke and Lufkin road, they have fully compensated road district No. 7, within the meaning of article 637a. We believe that this contention should be sustained. As we understand article 637a, its purpose and intent is to "compensate" a road district for bonds duly and regularly voted by it which may become void by reason of a county-wide election. The purpose of this act is to require and compel the commissioners' court to build such roads within the boundaries of a road district whose bonds have been made void "as contemplated by the election * * * theretofore held within and for such road district." The provisions of article 637a providing for compensation from the county bond issue is a method given by the Legislature to insure compensation to the district. Recognizing its statutory duty to compensate road district No. 7, the commissioners' court of Angelina county directed that the Burke and Lufkin road be improved to the full extent of the bonds voted by that district, and that the costs of such improvements be paid from the proceeds of the bond election. However, it happened that this work was done before the bonds were sold and was paid for by the commissioners' court by road warrants. We cannot see that any injustice has been done road district No. 7. It voted $20,000 to improve its only road. The commissioners' court has expended on this road the full amount contemplated in the election held by the district. Thus it appears that road district No. 7 has been granted the benefit of its bond election, and has been fully compensated.

But appellees say that they are entitled to compensation from the proceeds of the county-wide bond election. Suppose the $20,000 set apart by the commissioners' court and actually expended in improving road district No. 7, though paid for in county warrants, had been sufficient to connect the Burke and Lufkin road with the new highway, thereby improving that road for its full distance across road district No. 7. Would the commissioners' court then be under the duty of setting aside to road district No. 7 $20,000 from the proceeds of the county-wide bond election? If it rested under that duty, and if the obligation to compensate road district No. 7 was not discharged, what would the district do with the $20,000? How should it be expended? The road "contemplated by the election * * * theretofore held in and for such road district" required the expenditure of no further funds. The commissioners' court nor the road district could use the $20,000 on any other road, and yet, under the argument of appellees, it must be given the $20,000.

It is no answer to this question to say that on the facts of this case all of the road had not been improved. There is no provision of article 637a providing for partial compensation. Yet the trial court allowed the district only $10,000 from the proceeds of the county election, when on the facts of this record, if it was entitled to any sum at all, it was entitled to the full amount awarded by the statute. In reducing the demand of appellees from $20,000 to $10,000, the trial

court must have given credit to the commissioners' court for a part of the money actually expended by it in improving the Burke and Lufkin road. We see no provision in article 637a that contemplates a partial credit against the money actually expended. If the commissioners' court has shown a partial compensation, this credit must be allowed for all the money spent on the Burke and Lufkin road, which shows full compensation. If the court discharged in part its duty to compensate road district No. 7 by issuing the road warrants, then it discharged its duty to the full extent of the warrants issued, which exceeded the amount of bonds voted by the district.

It being our conclusion that the commissioners' court of Angelina county has fully discharged the duty imposed upon it, under article 637a, to compensate road district No. 7, the judgment of the trial court is reversed and here rendered in favor of appellants.

### On Rehearing.

The last page of the statement of facts contains the following agreement:

"It is agreed that the order of the commissioners' court for the warrant improvement and the contract based upon said warrants were and are dated July 16, 1921. That the election for the $1,000,000 county-wide bond issue was ordered by the commissioners' court on July 11, 1921, and the election thereon held on August 20, 1921. The first contract based upon the bond money was let July 28, 1922, being the county-wide bond money. The first of the county-wide bonds were dated October 10, 1921, and were sold December 20, 1921."

Appellees now insist that it affirmatively appears from this agreement that the Burke and Lufkin public road was improved under the orders referred to in this agreement, and as this order was made before the county-wide bond election was held, it was not intended by the county commissioners as compensation for the road district within the meaning of the statute discussed in our original opinion. We do not know what work was done under the above agreement. But the record does show that the Burke and Lufkin road was improved under an order passed by the commissioners' court, not dated, but which recites:

"It is further ordered that the work shall begin at as early date as the county can procure funds from the bond issue of one million dollars heretofore voted for Angelina county."

The recitations of this order are fully supported by the parol evidence introduced. It is thus made to appear affirmatively that the road was improved under an order made after the county-wide bond election was held, and that it was the purpose of the county commissioners, in passing the order,

to pay for the work from the proceeds of the county-wide bond election, thus compensating the district in the exact terms of the statute. The effect of this order is fully discussed in our original opinion.

Again, appellee suggests that a payment in warrants which were shown to have a marked value of only 75 to 80 cents on the dollar was not full compensation. We cannot tell from the record exactly the amount expended on this road, but estimate it in warrants as between $22,500 and $25,000. Even if the full amount of the bonds voted by the district could have been issued—a point contested by appellants—it thus appears that the road district has been substantially compensated.