### STITES v. SUTTON COUNTY et al.
### (No. 7415.)

(Court of Civil Appeals of Texas. San Antonio. April 22, 1925. Rehearing Denied May 20, 1925.)

1. Highways &approx;99¼—Proceeds of sale of highway bonds may be used for condemnation of right of, way as well as construction of road.

Proceeds of sale of county highway bonds, issued under Rev. St. art. 627, providing for issuing bonds for constructing and maintaining and operating roads, may be used for condemnation of land for right of way as well as for actual construction of road.

2. Constitutional law &approx;13—Powers necessary for exercise of general power given implied.

Constitution giving general power or enjoining duty impliedly gives every particular power necessary for exercise of one or performance of other.

Appeal from District Court, Sutton County; C. R. Sutton, Judge.

Suit by C. E. Stites against Sutton County and others. From an interlocutory order refusing a temporary injunction, plaintiff appeals. Affirmed.

Brian Montague, of Alpine, and James Cornell, of Sonora, for appellant.

Wardlaw & Elliott, of Sonora, for appellees.

FLY, C. J. This is an appeal from an interlocutory order of the district court, refusing the issuance of a temporary writ of injunction, restraining the county, the county judge and county commissioners, and the treasurer from the payment of certain sums to A. F. Clarkson, Geo. S. Allison, and J. T. Evans, which were awarded them in condemnation proceedings for certain lands appropriated by the county for purposes of a new road which was to be opened up over their lands. The ground for injunction was that the county intended using funds out of certain money obtained by the sale of bonds for building roads to pay for right of way. The claim was that the appropriation of any of the bond money to pay for lands over which to build the roads was a misuse of such funds.

[1] The statute (article 627, Rev. Stats.), authorizes any county in this state to issue bonds, or otherwise lend its credit, within certain limits, to pay the interest and principal of such bonds, "for the purpose of constructing and maintaining and operating macadamized, graveled, or paved roads and turnpikes, or in aid thereof." It is the contention that the money arising from the sale of such bonds cannot be used for the condemnation of the land necessary for the construction of a road, but can only be used for the actual construction of the roadbed and the graveled surface or pavement. We cannot agree with this construction of the law, which strictly follows the language of the state Constitution. In support of this contention, appellant cites an opinion of this court in Coleman-Fulton Pasture Co. v. Aransas County, 180 S. W. 312, but unfortunately for him the decision of this court was disapproved on writ of error, 108 Tex. 216, 191 S. W. 556. The Supreme Court, contrary to the opinion of this court, held that under the authority for the "construction, maintenance and operation of macadamized, graveled or paved roads, * * * or in aid thereof," the county had the authority to build causeways across marshes, bayous, and estuaries. If that be true, the county must be clothed with the power to get the land on which to build the road, and that would be a necessary part of the construction of the road "or in aid thereof." There is not one word or syllable in Simmons v. Lightfoot, 105 Tex. 212, 146 S. W. 871, cited by appellant, that gives aid or comfort to appellant in his construction of this statute and Constitution herein involved.

[2] If the sale of bonds were not necessary for a scheme of road building, it would not be permitted, and if land is necessary on which to construct roads, and they cannot be built without such land, it follows that the land is absolutely necessary for the construction of roads, and is an essential part of the construction. As said by Judge Cooley:

"Under every Constitution the doctrine of implication must be resorted to, in order to carry out the general grants of power. * * * It is therefore established as a general rule, that when a constitution gives a general power, or enjoins a duty, it also gives by implication every particular power necessary for the exercise of the one or the performance of the other." Cooley's Cons. Lim. p. 98.

Without the power to acquire and pay for the land necessary for the construction of roads, the power to construct such roads would amount to nothing, and the object of the constitutional and statutory provisions be defeated.

The judgment is affirmed.

&approx;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes