## WILLIAM L. ROSS & CO., Inc., v. ROAD DIST. NO. 4 OF SHELBY COUNTY, TEX.

District Court, E. D. Texas, Beaumont Division. June 25, 1928.

No. 848.

1. **Constitutional law ⟨⟩42—Litigant can question statute's validity only when it is applied to his disadvantage.**

A litigant can be heard to question statute's validity only when and so far as it is being or is about to be applied to his disadvantage.

2. **Constitutional law ⟨⟩43(2)—Road district, having set up de facto corporation under statute, is estopped to claim bonds issued should not be paid, on ground statute was invalid (Laws Tex. 1907, c. 84; Laws Tex. Sp. Sess. 1909, c. 7; Laws Tex. Sp. Sess. 1926, c. 18; Laws Tex. 1927, c. 121).**

Road district, having set up under Laws Tex. 1907, c. 84 and Laws Tex. Sp. Sess. 1909, c. 7, a de facto corporation, if not a de jure corporation, and having held elections for issuance of bonds, and having sold bonds which passed into hands of innocent third persons, and levied taxes to pay interest and principal of bonds, and used taxes and proceeds to do work on roads and to purchase and retire certain bonds, is estopped to claim that bonds should not be paid, on ground that statute was unconstitutional, and that its infirmities were not cured by subsequent legislation.

3. **Highways ⟨⟩90—That second road district was created by Legislature, and was participating in suit, cannot affect right of plaintiff to recover on bonds issued by original corporation (Laws Tex. 1907, c. 84; Laws Tex. Sp. Sess. 1909, c. 7; Laws Tex. 1927, c. 121).**

That second road district was created by Laws Tex. 1927, c. 121, and was participating in suit, could not affect right of plaintiff to recover unpaid interest on bonds issued by original corporation organized under Laws Tex. 1907, c. 84 and Laws Tex. Sp. Sess. 1909, c. 7, which were claimed to be unconstitutional, since rights of plaintiff at that time had become vested, and Legislature could not disturb his rights, and second corporation was bound by what was done by original corporation.

At Law. Action by William L. Ross & Co., Inc., against Road District No. 4 of Shelby County, Tex. Judgment for plaintiff.

Lightfoot, Robertson & Scurlock, of Ft. Worth, Tex., for plaintiff.

E. H. Carter and Sanders & Sanders, all of Center, Tex., and O. J. Todd, C. S. Pipkin, and A. D. Moore, all of Beaumont, Tex., for defendant.

ESTES, District Judge. The plaintiff herein is suing to recover the unpaid interest represented by coupons on certain bonds of road district No. 4 of Shelby county, Texas. These bonds—bearing numbers from 220 to 235, inclusive—are a portion of a series of bonds amounting to $300,000, each for the sum of $1,000, issued in August, 1919. The district was organized under the provisions of the Texas statutes in existence at that time, for the purpose of constructing roads. Acts 1907, p. 251; Acts Sp. Sess. 1909, p. 271. In general terms, those statutes provide for the organization of a road district such as was set up in this case, upon petition of a certain number of voters in a district outlined in the petition, and for the levy of a tax sufficient to pay the interest and to retire the bonds at stated intervals. The plaintiff here in good faith purchased the bonds after they had been issued, and before their maturity.

The original road district was made defendant, and a new district bearing the same name, and created by virtue of a statute enacted in 1927, also made itself a party defendant, and is contesting the validity of the bonds in question, on the ground that the commissioners' court was without authority, under the law, to create a district such as was originally undertaken, and as a consequence the district was without authority to issue bonds. The proposition is that the district was without legal existence at the very beginning—that the Legislature was without power to create it in the fashion it was first organized, and that the parties purchasing the obligations it undertook to create were charged with notice of the fundamental infirmity in them.

The plaintiff, in reply to that, contends that the district that issued these bonds was created by the Texas laws, that it was and still is a de facto, if not a de jure, corporation; that the validity of that corporation, as well as its authority to issue bonds, cannot be attacked in a proceeding like this; and, furthermore, that, having caused the district to be incorporated and the bonds to be issued and distributed, the district is in no position to challenge the regularity of what was done or the validity of the obligations it

has assumed. It also claims that the Legislature has validated, by proper action, the bonds in issue, and thus cured any defects or lack of authority that may have originally existed.

From the pleadings thus outlined and the arguments made in the case, it is apparent that the controversy arises from a difference of opinion on the part of counsel respecting the effect of the decision of the Supreme Court of the United States in the case of Browning v. Hooper, 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 330. The statute authorizing the incorporation of districts like this one was enacted in 1917, under the authority of section 52, article 3, of the Constitution of Texas. The constitutionality of such statute, and the validity of obligations issued by districts created under it, have been repeatedly upheld by the Texas courts. Tyree v. Road District (Tex. Civ. App.) 199 S. W. 644; Horn v. Matagorda County (Tex. Com. App.) 213 S. W. 934; Huggins v. Vaden (Tex. Civ. App.) 259 S. W. 204; American Surety Co. v. Hill County (Tex. Civ. App.) 254 S. W. 241; Id. (Tex. Com. App.) 267 S. W. 265; Aransas County v. Coleman, 108 Tex. 223, 191 S. W. 556; Maroney v. Feagin (Tex. Civ. App.) 264 S. W. 105; Denton County v. Sauls (Tex. Civ. App.) 265 S. W. 1091. And some of this very series of bonds have been declared to be valid and enforceable by this court and the Circuit Court of Appeals of this circuit. Road District v. Home Bank & Trust Co., 5 F.(2d) 625.

No decision reflecting a contrary view was rendered prior to the case of Browning v. Hooper, supra, on January 4, 1925, long after the bonds involved here had been issued and sold to an innocent purchaser. That case is to the effect that the statute in question is repugnant to the due process clause of the Constitution, in so far as it undertook to include within the district designated for taxation purposes certain property of the plaintiff, without an opportunity being given to him to be heard on the question of benefits.

The Legislature was convened after that decision, and a general statute passed in 1926, designed to cure the defects pointed out by the Supreme Court decision in the creation of road districts similar to this, particularly where bonds had been issued and were in the hands of innocent purchasers. Acts Sp. Sess. 1926, p. 35. In 1927 a special act was passed with reference to this particular district, and all of the bonds issued by it were validated, excepting bonds numbered 171 to

300—which, of course, includes the bonds on which the plaintiff is suing. Acts 1927, p. 189. The contention is that, by reason of this last-named act, the infirmity of these bonds has never been cured, and that none of the bonds of the purported district, except such as have been thus validated, constitute legal obligations.

I do not think it is necessary to discuss the curative acts, or many of the other interesting questions presented and urged in the briefs, because, at the outset, I think the proposition of the defendant's counsel, on which his entire argument is based, that the statute under which this road district was organized can be said, as a consequence of the decision in the case of Browning v. Hooper, supra, to be unconstitutional and void, is not sound. There are some expressions in the opinion in that case that, on first impression, might lead to the conclusion that the court intended to so hold. But it is clear to my mind, from a study of it and of related decisions of that court, that the decision was not designed to do more than to dispose of the case that was before the court, and to establish the rule with respect to the rights of other parties situated as the plaintiff in that case was situated.

I do not understand that the Supreme Court ever undertakes to review or annul acts of Congress or of the states on the ground that they are unconstitutional. "That question may be considered only when the justification for some direct injury suffered or threatened, presenting a justiciable issue, is made to rest upon such an act. Then the power exercised is that of ascertaining and declaring the law applicable *to the controversy*. [Italics mine.] It amounts to little more than the negative power to disregard an unconstitutional enactment, which otherwise would stand in the way of the enforcement of a legal right." Massachusetts v. Mellon, 262 U. S. 488, 43 S. Ct. 601, 67 L. Ed. 1078.

Here we have a statute that, in so far as the state of Texas is concerned, is a constitutional statute. It has been passed in pursuance of express authority granted to the Legislature by the constitution of the state. As I have heretofore indicated, it has been repeatedly upheld by the highest courts of the state. More than that, as I have also indicated before, the validity of these bonds has been previously upheld by the Circuit Court of Appeals of this circuit. What has been done by the Supreme Court, as I view it, is to decide, not that the statute as a legis-

lative enactment and as a whole is void, but that the procedure followed in the Browning Case transgressed the due process clause of the federal Constitution, in so far as the rights of the plaintiff in that case were concerned. That does not mean that every bond issued under the law in question is invalid, or that the collection of the bonds in every instance would be violative of the rights and privileges guaranteed by the federal Constitution. There might never again arise a state of facts just like those involved there.

Then, too, even if my interpretation of that decision were incorrect, the fact that the state authorized the organization of such a district would certainly have the effect to create a de facto corporation, and in that event the question of waiver or estoppel, that was not involved in the Browning decision at all, and that I conceive to be the determining one in this case, arises. On that point the Texas courts have recently held—and, according to my view, correctly—against the contention of the defendant here. Louisiana Railway Co. v. State (Tex. Civ. App.) 298 S. W. 462, writ of error denied by the Supreme Court and opinion of the Commission of Appeals rendered May 30, 1928, 7 S.W.(2d) 71, not yet [officially] published. The question has also been decided by the United States District Court in the Southern District of Texas, in an opinion concurred in by three judges. Dunn v. Ft. Bend County, 17 F.(2d) 329.

[1] It will be observed that no taxpayer—no one whose property rights are being jeopardized—is before the court here. The very corporation that was organized, that held the bonds out to the public as valid obligations, and that induced innocent purchasers to buy them, and its successor, a creature of the statute, organized for the purpose of carrying out the duties and obligations of the original corporation, are the contestants. "A litigant can be heard to question a statute's validity only when and so far as it is being or is about to be applied to his disadvantage." Dahnke-Walker Co. v. Bondurant, 257 U. S 289, 42 S. Ct. 108, 66 L. Ed. 239.

It is well settled that "the constitutional right against unjust taxation is given for the protection of private property, and may be waived by those affected who consent to such action to their property as would otherwise be invalid. 'Under some circumstances, a party who is illegally assessed may be held to have waived all right to a remedy by a course of conduct which renders it unjust and inequitable to others that he should be allowed to complain of the illegality.' " Wight v.

Davidson, 181 U. S. 371, 21 S. Ct. 616, 45 L. Ed. 900; Louisiana Railway v. State, supra.

[2] So, whether or not the original statute was constitutional, as applied to these defendants, is not the important question. The point is that, if it were unconstitutional and its infirmities were not cured by the subsequent legislation, the defendants are not in a position to benefit by such. The district itself has set up, under the Texas laws, certainly a de facto corporation, if not a de jure corporation. Quoting from one of the briefs: "It held elections for the issuance of bonds, declared the result of those elections, issued and sold those bonds, and they have passed into the hands of innocent third persons. It levied taxes for several years to pay the interest and principal of the bonds, and used the taxes and proceeds of the bonds to do work on the roads, and to purchase and retire certain of those bonds, and continued to exercise all of the rights which it could have exercised, had the law under which it was organized been held constitutional and it to be a de jure district."

[3] What has been said applies of necessity, it seems to me, to both of the defendants. The fact, if such is a fact, that a second road district has been created by the act of 1927, and is participating in this suit, can have no effect upon the rights of the plaintiff. That district was created as an incident to the effort of the Legislature to validate certain of the obligations of the original corporation. The rights of the plaintiff at the time had become vested. The Legislature, therefore, through the course it pursued, could not disturb those rights. I think, too, that such corporation would be bound, under all the circumstances, by what was done by the original corporation, or, to put it differently, the consequences resulting from the acts of that concern would attach to it also.

I am inclined to think that the previous decision of this court respecting the validity of this series of bonds (Road District v. Home Bank & Trust Co., supra, in which writ of certiorari was denied by the Supreme Court), has important bearing on this controversy. But without regard to that, and without regard also to other propositions that are in the case, I think the judgment can rest upon the proposition that the defendants have waived the privileges they now assert, and are estopped from claiming that the bonds in question should not be paid.

The judgment, therefore, should go for the plaintiff; and it is so ordered.