

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wardlow Lane
District Attorney
Center, Texas

Dear Sir:                    Opinion No. O-3652

                             Re: Authority of a political
                                 subdivision to use bond
                                 proceeds to construct
                                 oil-surfaced roads.

        We acknowledge receipt of your opinion request of recent
date and quote from your letter as follows:

        "Can a political subdivision of the county
        grade and apply sufficient coating of oil to
        the surface of its dirt roads to provide a
        smooth hard surface road by the issuance and
        sale of bonds under the power granted in Art.
        752a of R. C. S. and Sec. 52 of Art. 3 of the
        Constitution of Texas in view of the provisions
        in both that the purpose shall be 'construction,
        maintenance, and operation of macadamized, grav-
        eled or paved roads and turnpikes, or in aid
        thereof?'  It may be added that some gravel will
        be applied at places but on the whole it will be
        a combination of oil and natural soil.

                    * * * *

        "Of course in preparing the election papers
        the wording of the Constitution and the statute
        will be followed, but those interested in the
        matter are very anxious to have your opinion as
        to the validity of raising and using the funds
        for the above purpose by this means and have ask-
        ed that I obtain an opinion from you on the matter
        before they held the election."

        Section 52 of Article 3 of the Constitution of Texas pro-

Honorable Wardlow Lane, page 2

vides, in part, as follows:

"Under legislative provision any county, any political subdivision of a county * * * now or hereafter to be described and defined * * * in addition to all other debts, may issue bonds * * * * in any amount not to exceed one-fourth of the assessed valuation of the real property of such district or territory * * * for the following purposes * * * the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof."

The terms "macadamized, graveled or paved" have been construed to include roads covered with shell, sand, clay or any character of material so as to make a firm, hard and smooth surface, over which horses and vehicles may pass. Stites v. Sutton County, 272 S. W. 506; Gibson v. Davis, 236 S. W. 202; Coleman-Fulton Pasture Company v. Aransas County, 180 S. W. 316; 21 Tex. Juris. 671. In Aransas County v. Coleman-Fulton Pasture Company, 191 S. W. 556, the Supreme Court held that roads paved with "shell" would be "paved roads" within the constitutional provision. This case affirmed in part a judgment of the Court of Civil Appeals at San Antonio in the case of Coleman-Fulton Pasture Company v. Aransas County, 180 S. W. 316, and the ruling of the Court of Civil Appeals approved by the Supreme Court is set out in the following language:

"We are of the opinion that appellees have full authority to use the funds arising from the sale of the bonds to construct, maintain, and operate roads, whether they be macadamized, graveled or paved, and as there was sufficient testimony to show that the shell roads to be erected were paved roads, within the contemplation of the Constitution, the court properly refused to restrain appellees from using the money to construct such roads. 'To pave' is defined by Webster's Unabridged Dictionary:

"'To lay or cover with stone, brick, or other material, so as to make a firm, level, or convenient surface for horses, carriages, or persons on foot to travel on.'

Honorable Wardlow Lane, page 3

"The testimony shows that shell or mud shell will make a hard, smooth road, that is durable and lasting. The words 'paved road' we think, are broad enough to include roads made of shell or mud shell. It cannot be supposed that the Constitution meant to confine the words to roads with solid toppings, as asphalt or concrete, because it is well known that such materials are never used in Texas in building public roads, but are used only in towns and cities. Macadamized and graveled roads are mentioned, and then, as comprehending all other roads, the word 'paved' was used. We think appellees have the right and authority to expend the money arising from the bond issue in the construction and maintenance of roads built, as indicated in the testimony, of shell or mud shell. The evidence was positive that shell roads are 'paved roads'."

In Gibson v. Davis, 236 S. W. 202, the Court used this language:

"We think roads covered with sand clay or any character of material so as to make a firm, hard, smooth surface over which horses, carriages, automobiles and other vehicles may pass are classed as paved roads, as that term is used in the Constitution and statutes."

From all of the above, it is our opinion that the roads must be so constructed as to be adequate, durable and permanent, and we believe that if the Commissioners' Court finds that the road contemplated in your request meets these requirements, then the proceeds of bonds issued for the purpose of the "construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof" may be used to build said roads.

Very truly yours

APPROVED JUL 19, 1941

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By

Claud O. Boothman
Assistant

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE

COB:EP