

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

Feb. 25, 1947

Honorable Bruce L. Parker
County Attorney
Gray County
Pampa, Texas

Opinion No. V-45

Re: Authority of the Commis-
sioners' Court of Gray
County to issue and sell
sufficient bonds out of un-
issued and unsold bonds
to purchase right-of-way
for State Highway No. 66
in said County.

Dear Sir:

Your request for an opinion on the above subject pre-
sents the following question:

"Is the Commissioners' Court of this County now
authorized to issue and sell sufficient bonds out of
the foregoing $452,000 unissued and unsold bonds and
use the proceeds thereof in purchasing the right-of-
way for State Highway No. 66 in this County as the
same has been relocated and resurveyed by the State
Highway Department?"

We have examined the certified copy of the petition pre-
sented to the Commissioners' Court of your County in 1931, which
you were kind enough to furnish us, together with the Transcript
of the Proceedings on file in the Comptroller's Office, wherein
the bond issue in question was authorized. Your question relates
only to the unissued and unsold bonds of the $800,000 bond issue
authorized by the second provision of said Petition. The stated
purpose for said issue is as follows:

"Second: Bonds to be issued in the aggregate sum
of Eight Hundred Thousand Dollars ($800,000.00) for
the construction, maintenance and operation of macad-
amized, graveled or paved roads and turnpikes, or in
aid thereof, designated as State Highways, within such
County, and which bonds may run for a term not to ex-
ceed twenty years from their date and may mature
serially or otherwise at the discretion of the Commis-
sioners' Court and bear interest at the rate of 5 per
centum per annum or less."

The Comptroller's Transcript reveals no pre-election order by the Commissioners' Court limiting or changing this purpose in any degree. From the facts before us, there are none which establish a definite identification of any particular road or highway to be paved or improved; no funds from the bond issue have been earmarked for any specific project. Consequently, the authorized purpose is general in nature. Where this circumstance exists, the applicable law is ably stated in the case of Fletcher vs. Ely (Court of Civil Appeals), 53 S. W. (2d) 817:

> "(2,3) (2) That, in the absence of a definite identification of the specific road to be paved, a discretion exists in the commissioners' court as to which of two or more routes may be followed between control points named in the pre-election orders, which discretion, however, may be and is surrendered when in response to a referendum, under a proper order of submission, the particular route and road to be paved is identified and named. Brown v. Preston County Court, 78 W. Va. 644, 90 S. E. 166, 167; Wright v. Allen (Tex. Civ. App.) 257 S. W. 980.

> "(4) (3) That, when the voters thus speak, the proceeds of the bond issue are 'earmarked' with the character of a trust fund which may not be diverted to another purpose or project, and any such attempt will be enjoined by a court of equity. The result thus obtained has been referred to as having the binding effect and force of a contract. Black v. Strength, 112 Tex. 188, 246 S. W. 79; 19 R. C. L. pp. 1163, 1164; Roane County Court v. O'Brien, 95 W. Va. 32, 122 S. E. 352, 355."

For further authority, see the Supreme Court Opinion in Fletcher vs. Ely, 39 S. W. (2d) 32.

This general purpose authority granted by the people to the Commissioners' Court carries with it the right to purchase right-of-way. Stites vs. Sutton County (Civ. App.), 272 S. W. 506.

Our views are governed by the foregoing authorities, and we therefore conclude that the Commissioners' Court of Gray County is now authorized to issue unissued and unsold bonds of the $800,000.00 bond issue authorized by the election in 1931 for the purpose therein stated.

From the records in the Comptroller's Office, it is revealed that of the $800,000.00 originally authorized, two installment issues in the amount of $100,000.00 and $600,000.00, respectively, have been approved by the Attorney General and

registered by the Comptroller of Public Accounts, as provided by
appropriate statutory regulations. It would thus appear that, of
the total amount, all but $20,000.00 have been issued. However,
it is indicated by the records that of the $180,000.00 installment
(180 bonds at $1,000.00 denomination) that bonds Nos. 49 to 180,
inclusive, were destroyed by the county officers prior to sale.
In other words, only $48,000.00 of the $180,000.00 were actually
sold and $132,000.00 of said bonds were destroyed by burning, and
were never sold. This is confirmed in your letter wherein you
state that the $48,000.00 bonds issued and sold were used for the
purchase of the right-of-way for approximately 14 miles of High-
way No. 66. This leaves a balance, therefore, of $152,000.00 of
unissued and unsold bonds out of the original $800,000.00 author-
ized issued, which may be now issued for the purchase of right-
of-way for state highways, which would include State Highway No.
66 as it has been relocated and resurveyed by the State Highway
Department. For the purpose of keeping the records straight, we
believe if it is contemplated to issue more than $20,000 in such
bonds that it would be necessary to furnish competent and ade-
quate proof as to the destruction of bonds numbered 49 to 180;
and that the purpose for which the bonds were issued still exists
and has never been abandoned.

## SUMMARY

The Commissioners' Court of Gray County may is-
sue and sell unissued and unsold bonds of the $800,000
bond issue authorized by the election of 1931 for the pur-
chase of right-of-way for State Highway 66 as the same
has been relocated and resurveyed by the Highway De-
partment.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By:  Charles E. Crenshaw

Charles E. Crenshaw
Assistant

CEC:rt:al

APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN

APPROVED FEB 25 1947

ATTORNEY GENERAL OF TEXAS